\* In his complaint, plaintiff also joined as defendants the time charterer of the vessel and a Greek

Shafi ULLAH, Appellant,

v.

CANION SHIPPING COMPANY, LTD.; Concordia Lines; and Kratigos Shipping Co., Appellees.

No. 84–1816.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1985.

Decided March 13, 1985.

Paul D. Bekman; Michael D. Berman, Baltimore, Md. (Kaplan, Heyman, Greenberg, Engelman & Belgrad, P.A.; Phillips L. Goldsborough, III, Baltimore, Md.; John Bashaar, Towson, Md., on brief), for appellant.

Manfred W. Leckszas, Baltimore, Md. (John M. Kinsey; Ober, Kaler, Grimes & Shriver, Baltimore, Md., on brief), for appellees.

Before WINTER, Chief Judge, HALL, Circuit Judge, and MacKENZIE, Chief Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

PER CURIAM:

Plaintiff, a Pakistani citizen, sued the Liberian corporate owner of the M/V Concordia ION to recover for personal injuries sustained aboard the vessel while she was docked in the Port of Baltimore.\* The district court ruled that it lacked subject matter jurisdiction over the owner, and it dismissed the complaint. Plaintiff appeals, and we affirm.

---

company which managed and operated the vessel. The district court granted summary judg-

Carefully assaying the seven factors to be considered in deciding whether to entertain in admiralty a non-wage claim action by a non-citizen against a non-citizen as identified in *Lauritzen v. Larsen,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), as well as the eighth factor identified in *Hellenic Lines, Ltd. v. Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), the district court concluded that on the facts of this case the contacts with the United States were too slight to sustain its jurisdiction. It declined to extend *Rhoditis,* as urged by plaintiff, to consider the owner's business contacts with the United States, short of establishment of a United States base of operations. Finally, it concluded not to exercise discretionary jurisdiction under the doctrine of *forum non conveniens,* and not to allow further discovery.

We think that the district court was correct in its rulings, and we affirm on the basis of its opinion. *Ullah v. Canion Shipping Company, Ltd.,* 589 F.Supp. 552 (D.Md.1984).

AFFIRMED.

ment for these defendants and plaintiff took no appeal as to them.