**McCLELLAND ENGINEERS, INC., et al., Plaintiffs-Appellants,**

v.

**Muigawah MUNUSAMY, et al., Defendants-Appellees.**

No. 84–2549.

United States Court of Appeals, Fifth Circuit.

March 24, 1986.

---

Tobi A. Tabor, James Patrick Cooney, Houston, Tex., for Oceaneering Intern. and McClelland Engineers.

G. Byron Sims, Houston, Tex., for Arabian American Oil and Crosby Offshore.

Marion McDaniel, Robert L. Klawetter, Houston, Tex., for Global Marine.

Benton Musslewhite, Richard Schechter, G. Robert Friedman, Paul Wesley Klinger,

Jr., Houston, Tex., for defendants-appellees.

Before JOLLY, and HILL, Circuit Judges, and HUNTER,* District Judge.

E. GRADY JOLLY, Circuit Judge:

We review the district court's denial of a motion to dismiss three consolidated cases on the grounds of *forum non conveniens.* The district court found that the choice of law determination in this case, usually a prerequisite to deciding a *forum non conveniens* motion, could not be rendered until after evidence had been admitted at trial. The district court thus delayed the choice of law determination and, after reviewing the factors delineated by the Supreme Court in *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), denied the *forum non conveniens* motion. Because we find that the district court failed to follow precedent of both the Supreme Court and this court, we reverse the denial of the *forum non conveniens* motion as an abuse of discretion.

I.

Three aliens, Stephen Crow, Muigawah Munusamy, and William Picco, filed separate personal injury admiralty suits in district court. Crow, a citizen of New Zealand, was hired in New Zealand by the Brunei subsidiary of a United States company to work as a diver in Brunei. He was injured off Brunei while working aboard the PACIFIC PROTECTOR, a Panama-registered, diving-support, fire-fighting and rescue ship. On February 22, 1982, Crow brought suit under the Jones Act 46 U.S.C. § 688, the general maritime law of the United States, the Death on the High Seas Act, 46 U.S.C. § 761, and Texas state law against Oceaneering International, Inc., and Oceaneering International Brunei to recover damages. Munusamy, a citizen of Malaysia, was hired in Dubai by the Dubai subsidiary of a United States company to work as a driller's helper. He was injured in the Arabian Gulf while working on a drilling rig placed on a barge flying a Dubai flag. On October 28, 1981, Munusamy brought suit under the Jones Act, the general maritime law of the United States, the Death on the High Seas Act, and Texas state law against McClelland Engineers, Inc., McClelland Engineers, S.A., McClelland Engineers, S.A., BHD, and Arabian American Oil Co. to recover damages. Picco, a Canadian citizen, was hired in Canada by the Canadian subsidiary of a United States company to work as a roustabout. He was injured in Newfoundland on board the D/S GLOMAR ATLANTIC, a United States flag, mobile drilling-rig. On July 14, 1982, Picco also brought suit under the Jones Act, the general maritime law of the United States, the Death on the High Seas Act, and Texas state law against Global Marine Drilling Co. and Crosbie Offshores Services, Ltd. to recover damages.

After initial discovery was completed, the three sets of defendants (collectively McClelland) filed motions to dismiss the actions under the doctrine of *forum non conveniens.* The district court consolidated the three cases for purposes of deciding the *forum non conveniens* motions filed by McClelland. A threshold question for deciding the motions was which country's law would apply to each case. On January 30, 1984, the district court denied the motions and ruled that the choice-of-law question would be decided after all the evidence was presented at trial. *Munusamy v. McClelland Engineers, Inc.,* 579 F.Supp. 149 (E.D.Tex.1984).

Since the district court denied the *forum non conveniens* motions after taking the unusual step of delaying the choice-of-law determination, McClelland asked the district court to certify its order for appeal to this court under 28 U.S.C. § 1292(b). The district court denied the motion for certification on April 11, 1984. McClelland then filed for writ of mandamus, asking this court to require the district court either to

---

* District Judge of the Western District of Louisiana, sitting by designation.

enter judgment on grounds of *forum non conveniens* or, alternatively, to certify its order pursuant to 28 U.S.C. § 1292(b). On July 20, 1984, this court denied the mandamus petition without prejudice, vacated the district court's order denying certification, and requested that the district court certify its order denying the *forum non conveniens* motions for appeal. *In re McClelland Engineers, Inc.*, 742 F.2d 837 (5th Cir.1984).

On July 24, 1984, McClelland filed in the district court a motion for reconsideration of its earlier motion for certification. On July 30, the district court granted the motion for certification and on October 5, this court granted McClelland's application to take an interlocutory appeal. This court also denied the motions of the appellees (collectively Munusamy) for a stay of proceedings and for severance of the three cases on appeal.

## II.

McClelland raises two related issues on appeal.[1] First, McClelland contends that the district court erred in reserv-

---

1. Munusamy has raised separate issues before this court in a motion to dismiss this appeal. Munusamy argues first that this court had no power to "request" the district court to certify the case for interlocutory appeal under 28 U.S.C. 1292(b). Second, Munusamy contends that even if this court did not improperly request the district court to certify this case for appeal, this court should dismiss the appeal as improvidently granted because: (a) the choice-of-law question was not ripe for such an appeal since it had *not* been decided; (b) a *forum non conveniens* decision is inappropriate for an interlocutory appeal because it involves the "discretion" of the court; (c) the appeal was requested and granted less than two months before the trials were scheduled; (d) this appeal does not present a controlling question of law, the resolution of which would materially advance the termination of the litigation; and, (e) regardless of this court's decision on the interlocutory appeal, the state claims will still have to be tried.

We find both these contentions to be without merit. This court has previously "invited" a district court to certify an order for appeal. *See In re Humble Oil & Refining Co.*, 306 F.2d 567 (5th Cir.1962). The motions panel's "request" that the district court certify an appeal in this case is the functional equivalent of "inviting" the district court to certify. In both instances,

ing the choice-of-law decision until after facts were presented at trial. Second, McClelland argues that the district court abused its discretion in denying the motions to dismiss on *forum non conveniens* grounds and asks this court to reverse the district court's denial of its motions and render a judgment ordering dismissal.

## III.

### A.

McClelland contends that the district court incorrectly reserved the choice-of-law decision "until the evidence is presented." McClelland maintains that the choice-of-law decision is a necessary first step in determining whether a case should be dismissed on the grounds of *forum non conveniens*, and that the district court's failure to resolve this issue constituted an incorrect application of the controlling authority within this circuit. McClelland thus asserts that the district court committed reversible error. We agree.

The law of *forum non conveniens* in this circuit is clear. Before decid-

---

the district court retains its discretion to refuse to certify an appeal. Thus, this court was not acting beyond its jurisdiction when it requested the district court to certify an appeal in this case.

Second, the appeal was not improvidently granted. The motions panel requested the interlocutory appeal so that this court could address the novel choice-of-approach suggested by the district court. The record indicates that facts in dispute in this case are either not relevant to the choice-of-law determination or are subject to resolution by the district court prior to trial. Moreover, a finding that foreign law applies in these cases and that the *Gulf Oil* factors favor dismissal under the doctrine of *forum non conveniens* would terminate the federal claims in this litigation. The facts that a *forum non conveniens* decision falls within the discretion of the district judge, that the appeal came less than two months before the trial was to commence, and that there are pendant state claims in this case are not relevant to a determination of whether an appeal was improvidently granted. For these reasons, this court properly granted an appeal to review the district court's novel approach to McClelland's *forum non conveniens* motion. Munusamy's motion to dismiss is denied.

ing a motion to dismiss a case under the doctrine of *forum non conveniens,* a district court

should first ascertain whether American or foreign law governs the lawsuit. If American law applies, then the district court should normally retain jurisdiction and proceed with the case. If, however, foreign law does apply and the foreign forum is accessible, then the district court should determine in which forum the case should be tried, and if it decides that the lawsuit should be tried in the foreign forum, then the court should decline to exercise jurisdiction over the case.

*Vaz Borralho v. Keydril Co.,* 696 F.2d 379, 384 (5th Cir.1983). The district court should rely on the eight *Lauritzen-Rhoditis* factors developed by the Supreme Court in making its initial determination of whether United States or foreign law applies. *See Hellenic Lines, Ltd. v. Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970); *Lauritzen v. Larsen,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). The eight factors laid out in *Lauritzen-Rhoditis* are: (1) the place of the wrongful act; (2) law of the flag; (3) allegiance or domicile of the injured; (4) the allegiance of the employer; (5) place of the contacts of employment; (6) inaccessibility of the foreign forum; (7) the law of that forum; (8) the base of operations. In cases in which the "vessel" is not a "true maritime vessel" but rather an "unconventional" vessel, such as a platform or a rig, this court has stated that the place of the wrongful act, the allegiance or domicile of the injured, and the place of contract take on "added significance." *Chiazor v. Transworld Drilling Co.,* 648 F.2d 1015 (5th Cir.1981), *cert. denied,* 455 U.S. 1019, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). If, applying these factors, the court concludes that foreign law applies to the action, the court should determine whether the remaining factors, set out in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839 favor dismissal or retention of the case. While a district court's choice of law determination is subject to *de novo* review by this court, *Vaz*

*Borralho,* 696 F.2d at 384, "the *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). This court has repeatedly affirmed these principles. *See, e.g., Cuevas v. Reading & Bates Corp.,* 770 F.2d 1371 (5th Cir.1985); *Koke v. Phillips Petroleum Co.,* 730 F.2d 211, 218 (5th Cir.1984); *De Oliveira v. Delta Marine Drilling Co.,* 707 F.2d 843, 845 (5th Cir.1983); *Fisher v. Agios Nicolaos V,* 628 F.2d 308, 315 (5th Cir.1980), *cert. denied, sub nom. Valmas Brothers Shipping, S.A. v. Fisher,* 454 U.S. 816, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981).

The district court in this case chose a different route. The district court viewed the *Lauritzen-Rhoditis* factors "as *examples* supporting a rule of law, not as *reasons* for making a choice of law." *Munusamy,* 479 F.Supp. at 153 (emphasis in original). Finding the "relative significances of the 'factors' [to be] almost infinitely variable," the court "fear[ed] that the factors were sufficiently obscure or variable to justify any judicial conclusion." *Id.*

After thus deciding that decisions of the Supreme Court and this court were "sufficiently obscure" to be non-controlling, the district court set forth its own unprecedented analysis of the law. This court, when denying the writ of mandamus and requesting the district court to certify its order for appeal, summed up the district court's analysis of the applicable law as follows:

As we understand that analysis, it commences with a 1936 Treaty to which the United States is a party, the Shipowner's Liability (Sick and Injured Seamen) Convention, 54 Stat. 1693. The court notes that the Convention requires "equality of treatment to all seamen [injured on the high seas] irrespective of nationality, domicile, or race." 579 F.Supp. at 156. Next the court seems to suggest that based on the Convention's desired equality of treatment for all seamen, standing alone, "the court should probably decline to choose foreign law

when it imposes a lower standard of care or relief than domestic law." 479 F.Supp. at 157. Finally, the court proceeds to observe that since "[i]t is inconceivable that a federal admiralty court would dismiss an American seaman suing a United States vessel on *forum non conveniens* grounds, [the] court must treat these foreign seamen the same." 579 F.Supp. at 159. Accordingly, in the court's view, any foreign seaman injured on the high seas (as these may not have been) is entitled to access to United States courts and United States remedies, apparently whether he is suing a United States vessel or not; and to deny him that access is to deny him "equality of treatment."

742 F.2d at 838–39. The district court further held that, since there were contested issues of fact relating to the choice-of-law issue, the choice-of-law decision would have to wait until after the trial. *Munusamy,* 579 F.Supp. at 157.

As the district court's opinion is in conflict with this court's precedent, it cannot stand. To begin, this court has previously spoken on the question of whether the choice of law determination should wait until facts are introduced at trial. In *Vaz Borralho,* 696 F.2d 379, the appellants, survivors of a Brazilian seaman who died as a result of injuries sustained while on board a submersible drilling rig, filed an action for wrongful death under the Jones Act, 46 U.S.C. § 688, and the general maritime law of the United States, and alternatively under the Death on the High Seas Act, 46 U.S.C. § 761 and the Texas Wrongful Death Statute. The district court decided that foreign law applied to the action and, after reviewing the *Gulf Oil* factors, dismissed the case on *forum non conveniens* grounds. On appeal, the appellants contended that disputed issues of material facts respecting the choice of law determination should have been reserved for trial on the merits and referred to a jury for determination and not decided by the district court.[2] After reviewing the law on the closely related issue on motions to transfer under 28 U.S.C. § 1404(a), this court held that a district court could properly render a choice-of-law determination, even though a jury had been demanded to resolve conflicting versions of the facts.

■ The facts in dispute in the instant case are similar to those that were disputed in *Vaz Borralho.* In the instant case, Munusamy contends that the following facts are in dispute: (1) whether the employment histories of the three injured parties are more like those of seamen or indigenous offshore workers; (2) whether the domiciles and bases of operations of the employers are in Houston, Texas, where the parent corporations have their home offices, or overseas, where the employers are located; (3) whether the vessels were more like traditional vessels or special-purpose vessels; (4) what were the flags of the vessels; (5) whether the place of the wrongful act is where the injury occurred or where the alleged negligence of the parent corporation occurred; and (6) whether the law of the alternative forum is unfavorable.

We find that these "disputes" should not bar a choice-of-law determination by the district court before trial. First, the eight choice-of-law factors do not question the injured party's employment history and Munusamy has demonstrated no particular reason why it should be material to the choice-of-law determination in this case. Second, when determining the domicile and base of operations, Munusamy is directing the court's attention to the employer's par-

---

2. In *Vaz Borralho,* 696 F.2d 379 the following facts were in dispute: (1) the location of the base of operations for KEY WEST (the vessel on which the injury occurred); (2) the location of the base of operations for KIDC (the corporation that owned the KEY WEST) (3) whether the Liberian flag flown on the KEY WEST was one of convenience; (4) whether the alter ego doctrine applied to KPM (a corporation half owned by KIDC) in its relationship with KIDC and Keydril (the other half owner of KPM); (5) whether those who controlled the KEY WEST were in turn controlled by American based or owned corporations; and (6) whether Borralho, the decedent, the time of his accident, was controlled by persons on the payroll of, and controlled by American based or owned corporations.

ent corporation, instead of the employer alone. This court, faced with the same contention in *Vaz Borralho,* has already found that this question could be decided before trial. Next, while the parties dispute the proper characterization of the vessels involved in these cases, they have presented the district court with facts that allow the court to decide the proper characterization. This, too, can be resolved before trial. Fourth, the parties agree on the law of the flag in both the Munusamy and Picco actions; the relevant flag is in dispute only in Crow's action. The parties have presented the district court with evidence from which this determination can be made. Fifth, this court has consistently found the place of injury, not the place of other alleged negligence is the place of the wrongful act. *See Koke,* 730 F.2d at 220; *De Oliveira,* 707 F.2d at 846; *Bailey v. Dolphin International, Inc.,* 697 F.2d 1268, 1275 (5th Cir.1983); *Zekic v. Reading & Bates Drilling Co.,* 536 F.Supp. 23, 25 (E.D.La 1981), *aff'd* 680 F.2d 1107 (5th Cir. 1982). Even if this were not so, the question of the proper interpretation of the place-of-wrongful-act factor is essentially one of law, not of fact. Finally, this court has held that the law of a foreign forum should be presumed adequate, "unless the plaintiff makes some showing to the contrary, or unless conditions in the foreign forum otherwise made known to the court, plainly demonstrate that the plaintiffs are highly unlikely to obtain basic justice therein." *Vaz Borralho,* 696 F.2d at 393–94. Munusamy has made no such showing in this case.

The disputes noted by Munusamy should not bar a choice-of-law determination before trial. As the district court did in *Vaz Borralho,* the district court in this case should have reviewed the facts in the record to determine prior to trial whether United States or foreign law applied. Thus, the district court erred in delaying the choice of law determination until after a trial on the merits.

### B.

■ McClelland has requested that this court render a decision on which law applies to the instant cases instead of remanding the case for further action by the district court. We have found no case where a court of appeals rendered an initial determination on a choice-of-law question; we decline the invitation to be the first to do so because we are confident that the district court is perfectly capable of determining the choice of law consistent with the law of this circuit and the evidence presented in these cases. Nonetheless, we note that in these cases, several of the *Lauritzen-Rhoditis* factors are easily decided in favor of foreign law. In all three cases, the wrongful act occurred in foreign waters,[3] the injured parties had both a foreign allegiance and domicile at the time of the injury,[4] and the place of contract was outside the United States.[5] Furthermore, Munusamy has made no showing that the law of the foreign forum is inadequate or that the foreign forum is inaccessible. While we leave the district court to determine the remaining factors, it appears to us that it is highly unlikely that United States law is applicable in these cases. Since, however, it is inappropriate for this court to render the initial determination on choice of law, we remand these cases to the district court to determine prior to trial whether foreign or United States law applies.

### C.

■ McClelland next contends that the district court abused its discretion in deny-

3. Crow was injured off the shore of Brunei in Northwest Borneo, Munusamy was injured while in the Arabian Gulf off the coast of Dubai, and Picco was injured while on board a ship docked in Botwood Harbour, Newfoundland.

4. Crow is a citizen of New Zealand and currently resides in Miri, Sarawak. Munusamy was a citizen and resident of Malaysia at the time of his accident; the parties dispute his current residence. Picco is a citizen and resident of Canada.

5. Crow was hired in New Zealand, Munusamy was hired in Singapore and signed his contract in Dubai, and Picco was hired in Newfoundland.

ing the motions to dismiss on grounds of *forum non conveniens.* As discussed earlier, this court has consistently stated that the district court should render a decision on a *forum non conveniens* motion only *after* the choice-of-law determination has been made. Since the district court abused its discretion by deciding the *forum non conveniens* motions without first deciding which law applied to these actions, we vacate the district court's denial of these motions and remand for further proceedings.

## IV.

Because the district court erred in delaying the choice-of-law determination, this action is remanded for a finding whether United States or a foreign law applies. In addition, since the district court rendered a decision on the *forum non conveniens* motions without having determined the applicable law, the denial of these motions is vacated. These motions are to be decided by the district court after the choice-of-law has been decided. Thus, the order of the district court is VACATED and the case is

REMANDED.