Shirlei Kirschner CAMEJO, et al.,
Plaintiffs-Appellants,

v.

OCEAN DRILLING & EXPLORATION,
et al., Defendants-Appellees.

No. 86–6025.

United States Court of Appeals,
Fifth Circuit.

March 7, 1988.

Dennis C. Reich, Reich & Binstock, Houston, Tex., for plaintiffs-appellants.

Marc A. Sheiness, Hirsch, Glover, Robinson & Sheiness, Houston, Tex., for U.S. Divers.

Ted C. Litton, Royston & Rayzor, Houston, Tex., for Ocean Drill, Brasdill, Odeco & Norvald.

Carol H. Sloss, Houston, Tex., for Diving Systems.

Before GOLDBERG, JOHNSON and WILLIAMS, Circuit Judges.

GOLDBERG, Circuit Judge:

We review a district court decision dismissing claims resulting from the death of a foreign diver in an oil and gas related accident in foreign territorial waters. The district court based its decision to dismiss on § 688(b) of the Jones Act and on the doctrine of *forum non conveniens.* The district court also refused to remand the case to the Texas state district court where Plaintiff originally filed it. Finding that the district court's actions were not an abuse of its discretion, we AFFIRM.

## I. FACTS AND COURSE OF ACTION

On February 22, 1984, Joao Lazaro Camejo ("Joao Camejo") died in a diving accident in Brazilian territorial waters. Joao Camejo, a Brazilian citizen and resident, was employed in Brazil, by a Brazilian entity, defendant Superpesa Transportes Maritimos, Ltd. ("Superpesa"), as a diver in connection with mineral exploration. At the time of his death, Joao Camejo was diving from a Panamanian flagged rig, the ZEPHYR II, drilling for the Brazilian national oil company, Petroleo Brasileiro, S.A. ("Petrobras").[1]

The plaintiff is Joao Camejo's widow, Shirlei Kirschner Camejo ("Shirlei Camejo"). Shirlei Camejo filed suit (1) individually, (2) as representative of the estate of Joao Camejo, and (3) as representative of their minor children. Shirlei Camejo and the minor children are Brazilian citizens and residents.

Shirlei Camejo originally named eight defendants. Only three remain. The federal district court dismissed defendant Petrobras, the Brazilian national oil company, pursuant to an agreement between Petrobras and Shirlei Camejo. Just before oral argument in this court, pursuant to an agreement between Shirlei Camejo and four of the defendants, this court dismissed those four defendants, Ocean Drilling & Exploration Company, Brasdril-Sociedade de Perfuracoes Ltda., ODECO International, Inc., and Norvald Steve Lekva.[2]

Two of the three remaining defendants are U.S. Divers Corp. ("U.S. Divers"), and Diving Systems International, Inc. ("Diving Systems"). U.S. Divers and Diving Systems, both United States corporations, allegedly designed and manufactured the diving helmet that Joao Camejo wore when he died. Diving Systems and U.S. Divers have no contact with Texas that has any relation to this suit; their only contact with Texas is that they have sold products to companies doing business in Texas. The third remaining defendant is Superpesa, Joao Camejo's employer. Superpesa never appeared in the district court or in this court.

Shirlei Camejo based her claims on (1) the general maritime law of the United States, (2) the Jones Act, 46 U.S.C. § 688, and (3) Texas wrongful death and survival statutes. Shirlei Camejo originally filed suit in a state district court in Houston, Texas. Petrobras removed the suit to a federal district court in Houston, Texas on the basis of 28 U.S.C. § 1441(d) and the Foreign Sovereign Immunities Act of 1976.[3]

1. The ZEPHYR II had been permanently assigned to waters off shore Brazil since 1974. The rig's owner is not now, and was not ever, a party to this action. Defendants allege, however, that Petrobras was owner *pro hac vice* under a bare boat charter.

2. Shirlei Camejo's Original Petition alleged that Ocean Drilling & Exploration Company and/or ODECO International, Inc., were de facto owners and operators of the rig and de facto employers of Joao Camejo. The Petition also alleged that Norvald Steve Lekva was the rig

superintendent for Ocean Drilling, ODECO and/or related entities. The defendants' motion to dismiss stated that Brasdril-Sociedade de Perfuracoes Ltda. had a contract with Petrobras to provide drilling expertise and personnel.

3. 28 U.S.C. § 1602, *et seq.* Petrobras is a "foreign state" as defined in 28 U.S.C. § 1603(a). The removal statute provides:

Any civil action brought in a State court against a *foreign state* as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United

After the district court dismissed Petrobras, Shirlei Camejo moved for remand to the state district court in Houston, Texas. The remaining defendants filed a motion to dismiss Shirlei Camejo's Jones Act claims under 46 U.S.C. § 688(b), and to dismiss her remaining claims on the grounds of *forum non conveniens.* The district court, denying Shirlei Camejo's motion for remand, granted defendants' motions for dismissal subject to the conditions listed in the margin.[4]

## II. JONES ACT § 688(b)

■ In 1982 Congress amended the Jones Act by renumbering the existing § 688 language § 688(a) and adding the following language as § 688(b):

(1) No action may be maintained under [the Jones Act] or under any other maritime law of the United States for maintenance and cure or for damages for the injury or death of a person who was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action if the incident occurred—

(A) while that person was in the employ of an enterprise engaged in the exploration, development, or production of off-shore mineral or energy resources—including but not limited to drilling, mapping, surveying, diving, pipe-laying, maintaining, repairing, constructing, or transporting supplies, equipment or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces; and

(B) in the territorial waters or waters overlaying the continental shelf of a nation other than the United States, its territories, or possessions. As used in this paragraph, the term "continental shelf" has the meaning stated in article I of the 1958 Convention on the Continental Shelf.

(2) The provisions of paragraph (1) of this subsection shall not be applicable if the person bringing the action establishes that no remedy was available to that person—

(A) under the laws of the nation asserting jurisdiction over the area in which the incident occurred; or

(B) under the laws of the nation in which, at the time of the incident, the person for whose injury or death a remedy is sought maintained citizenship or residency.[5]

Section 688(b) denies a Jones Act remedy and any other remedies under general maritime law to foreign seamen in the offshore drilling industry when they are injured in another country's territorial waters, unless neither the country where the injury oc-

---

States for the district and division embracing the place where such action is pending.... 28 U.S.C. § 1441(d) (emphasis added). *See generally Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1378–80 (5th Cir.1980) (discussing structure of Foreign Sovereign Immunities Act of 1976).

4. The federal district court's dismissal was subject to the following conditions:
   1. That Defendants submit to service of process and jurisdiction in the appropriate Brazilian court;
   2. That the Defendants waive any running of the statute of limitations from the date on which the first lawsuit herein was filed until the date of this Order;
   3. That Defendants agree to participate in discovery in accordance with Brazilian law; and
   4. That Defendants agree to satisfy any final judgment.
District Court Order, November 7, 1986, at 4–5.

5. 46 U.S.C. § 688(b), Pub.L. No. 97–389, § 503(a)(2), 96 Stat. 1949, 1955 (1982). Section 688(b) was added to the Jones Act by the Fisheries Amendments of 1982, H.R. 3942, 97th Cong., 2d Sess. Section 688(b) was, however, borrowed without substantial change from H.R. 4863, 97th Cong., 2d Sess. (1982), as it emerged from the House Committee on Merchant Marine and Fisheries. The original House debate on H.R. 4863, 128 Cong. Rec. H7631–39 (daily ed. Sept. 28, 1982), as well as that three months later on H.R. 3942, *id.* at H9449–54 (daily ed. Dec. 9, 1982), discusses § 688(b). Although the Senate did not debate H.R. 4863, the Senate debate on H.R. 3942, *id.* at S14631–35, is relevant. The Committee Report on H.R. 3942, H.R.Rep. No. 295, 97th Cong., 2d Sess., *reprinted in* 1982 U.S. Code Cong. & Ad.News 3476, does not address the Jones Act amendment but the report of the House Committee on Merchant Marine and Fisheries on H.R. 4863, H.R.Rep. No. 97–863, 97th Cong., 2d Sess. 7 (1982), does.

curred nor the seaman's home country provide any remedy. Because Congress also provided that § 688(b) does "not apply to any action arising out of an incident that occurred before" December 29, 1982,[6] few courts have applied or interpreted the new provision. Joao Camejo's death, however, occurred after December 29, 1982 and § 688(b) applies to this case. The district court recognized the applicability of § 688(b), but misinterpreted its import. The district court's ruled that:

> As a preliminary matter, the Court would note that Plaintiffs' claims for relief under the Jones Act, 46 U.S.C. §§ 688, *et seq.*, must be dismissed. The incident which gives rise to this cause of action occurred after 1982, when Congress amended the Jones Act to exclude from its coverage certain aliens.
>
> . . . .
>
> The pleadings make clear that Plaintiff's decedent was an alien employed by an enterprise engaged in the production of off-shore energy resources in territorial waters off of Brazil. Because Plaintiff has not shown that no remedy was available to her so as to fit this case within one of the exceptions to the Jones Act exclusion provision, she has failed to state a claim for relief under the Jones Act, and that portion of the case must be dismissed.

District Court Order, November 7, 1986, at 2. On appeal, neither party argues that the district court erred in dismissing Shirlei Camejo's Jones Act claims and we agree that this action was correct. The district court, however, failed to realize the full import of § 688(b). The section does not just deny Shirlei Camejo, and similarly situated plaintiffs, relief under the Jones Act; the section also denies relief under "any other maritime law of the United States for maintenance and cure or for damages for ... injury or death." 46 U.S.C. § 688(b). As a result § 688(b) also denies Shirlei Camejo relief under the general maritime law of the United States.

## III. DISTRICT COURT'S RETENTION OF JURISDICTION AFTER DISMISSAL OF PETROBRAS

■ Shirlei Camejo's counsel assert in their brief that the District Court erred because, after dismissing Petrobras, the district court refused to remand the case to the state district court where Shirlei Camejo originally brought it. This court, however, recently said in a similar case that "even if no federal admiralty claim remained in the case, the district court still retained pendent jurisdiction over the state claims" and could therefore dismiss the state claims under the doctrine of *forum non conveniens.*[7] Because the decision to retain or remand remaining pendent claims after the dismissal of the foreign sovereign who removed the case is within the discretion of the district court[8] we can only

**6.** Pub.L. No. 97–389, § 503(b), 96 Stat. 1949, 1956 (1982).

**7.** *Exxon Corp. v. Chick Kam Choo,* 817 F.2d 307, 310 (5th Cir.), *cert. granted,* — U.S. ——, 108 S.Ct. 343, 98 L.Ed.2d 369 (1987); *see United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (recognizing discretion regarding dismissal of claims within a federal district court's pendent jurisdiction after loss of federal jurisdictional basis before substantial commitment of judicial resources).

**8.** *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1377 n. 6 (5th Cir.1980) (district court has *discretion* to remand when foreign sovereign is found to be immune and the source of federal removal jurisdiction is thereby withdrawn from the case); *see also IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.,* 676 F.2d 152, 156–61 (5th Cir.1982) (discussing discretionary remand of cases removed by federal agency after dismissal of the removing agency).

Although these Fifth Circuit decisions recognized a discretionary power to remand for reasons other than those specified in the two statutory provisions authorizing remand, 28 U.S.C. §§ 1441(c) and 1447(c), an early Fifth Circuit federal question case and other circuits held to the contrary. *See In re Greyhound Lines, Inc.,* 598 F.2d 883, 884–85 (5th Cir.1979); *see also Cook v. Weber,* 698 F.2d 907, 909 (7th Cir.1983); *Sheet Metal Workers Int'l Ass'n v. Seay,* 696 F.2d 780, 782 (10th Cir.1983). On January 20, 1988, the Supreme Court resolved this inconsistency, at least as to cases removed on the basis of a federal question. In *Carnegie-Mellon University v. Cohill,* — U.S. ——, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the Court held that "a district court has discretion to remand to state court a removed case involving pendent claims upon a

reverse the district court's decision to retain jurisdiction after the dismissal of the removing defendant, Petrobras, if that decision was a clear abuse of the district court's discretion. It was not.

## IV. FORUM NON CONVENIENS

*1. The old law.* For many years, in many admiralty cases, this court held that, before addressing the issue of *forum non conveniens*, the district court should decide whether American or foreign law applied.[9] To determine the choice of law question the court used the eight factors set out by the Supreme Court in *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), and *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970).[10] This court also held that if American law applied the district court should generally retain jurisdiction and proceed with the case.[11] On the other hand, this

court held that, if the district court determined that foreign law applied then the district court should proceed to an analysis of the *forum non conveniens* factors set forth in *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).[12]

■ In 1981, in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), a products liability action under diversity jurisdiction, the Supreme Court held that a choice of law analysis is only tangentially relevant to the *Gulf Oil forum non conveniens* analysis and that a court need not perform a choice of law analysis before its *forum non conveniens* analysis.[13] This court, however, had concluded that its two-prong admiralty *forum non conveniens* analysis was not inconsistent with the *Piper* Court's limitation of emphasis on choice of law and,

proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine." 108 S.Ct. at 622.

**9.** *McClelland Engineers, Inc. v. Munusamy*, 784 F.2d 1313, 1317, 1320 (5th Cir.1986), *overruled, In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982*, 821 F.2d 1147, 1163–64 n. 25 (5th Cir.1987), *petition for cert. filed*, (U.S. Nov. 6, 1987) (No. 87–750); *Chiazor v. Transworld Drilling Co.*, 648 F.2d 1015, 1017–18 (5th Cir.1981), *cert. denied*, 455 U.S. 1019, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982), *overruled, In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982*, 821 F.2d 1147, 1163–64 n. 25 (5th Cir.1987), *petition for cert. filed*, (U.S. Nov. 6, 1987) (No. 87–750).

**10.** The seven *Lauritzen* factors are: (1) the place of the wrongful act; (2) law of the flag; (3) allegiance or domicile of the injured; (4) allegiance of defendant shipowner; (5) place of the contract of employment; (6) inaccessibility of foreign forum; and (7) law of the forum. 345 U.S. at 583–98, 73 S.Ct. at 928–34. The eighth factor, added in the *Rhoditis* decision, is the shipowner's base of operations. 398 U.S. at 309, 90 S.Ct. at 1734.

In *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), the Supreme Court held that the *Lauritzen* factors applied to the determination of whether "the maritime law of the United States" may be applied, 358 U.S. at 381, 79 S.Ct. at 485,

as well as to whether the Jones Act might be applied, which was the question in the *Lauritzen* case. *See Fisher v. Agios Nicolaos V*, 628 F.2d 308, 316 (5th Cir.1980), *cert. denied*, 454 U.S. 816, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981), *overruled on other grounds, In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982*, 821 F.2d 1147, 1163–64 n. 25 (5th Cir.1987), *petition for cert. filed*, (U.S. Nov. 6, 1987) (No. 87–750).

The Fifth Circuit has applied the *Lauritzen/Rhoditis* factors in many admiralty cases. Through *Chiazor* and other cases, the Circuit even developed a special way of weighing the factors in cases, like this one, involving foreign oil field workers injured in foreign waters. In *Chiazor*, Judge Tate said that "while certain of the eight (Lauritzen and Rhoditis) factors may be substantial in one context, they may be of lesser importance in another." 648 F.2d at 1018. When "the 'vessel' is not a 'true maritime vessel' but rather an 'unconventional' vessel, such as a platform or a rig, ... the place of the wrongful act, the allegiance or domicile of the injured, and the place of contract take on 'added significance.'" *McClelland Engineers*, 784 F.2d at 1317 (quoting *Chiazor*, 648 F.2d at 1018–19).

**11.** *Vaz Borralho v. Keydril Co.*, 696 F.2d 379, 384 (5th Cir.1983), *overruled, In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982*, 821 F.2d 1147, 1163–64 n. 25 (5th Cir.1987), *petition for cert. filed*, (U.S. Nov. 6, 1987) (No. 87–750).

**12.** *Chiazor*, 648 F.2d at 1018.

**13.** 454 U.S. at 249–52, 102 S.Ct. at 262–65.

along with two other circuits, continued to apply the two-prong test.[14]

*2. The new law.* On July 21, 1987, sitting *en banc* in a diversity case, this court, however, reversed course. In *In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982,* 821 F.2d 1147 (5th Cir.1987), *petition for cert. filed,* (U.S. Nov. 6, 1987) (No. 87–750), this court held:

> We also can discern no overriding justification for refusing to apply *Reyno*'s principles and this opinion's procedural rules to forum non conveniens issues in Jones Act and general maritime cases. We believe that a single and uniform approach to the analysis and application of the forum non conveniens doctrine best serves litigants and the courts. We therefore, expressly disapprove of and overrule our Jones Act and general maritime caselaw that utilizes a modified forum non conveniens analysis. Henceforth, all cases, including Jones Act and maritime actions, are governed by the dictates of *Reyno* and this opinion.

*Id.* at 1164 n. 25. Even though this court issued the *Air Crash* opinion after the district court decision in this case, we must apply the *Air Crash* holding as we consider this case.[15] We note at the outset, however, that "[a]n appellate court may reverse the decision of a district court on a motion to dismiss on *forum non conveniens* only if it constituted a clear abuse of discretion." [16] "Simply stated, our duty as an appellate court in reviewing forum non conveniens decisions is to review the lower court's decisionmaking process and conclusion and determine if it is reasonable; our duty is not to perform a de novo analysis and make the initial determination for the district court." *Air Crash,* 821 F.2d at 1167.

*3. Burden of proof.* In *Air Crash* this court said:

> A defendant of course bears the burden of invoking the doctrine and moving to dismiss in favor of a foreign forum.

821 F.2d at 1164 (citations omitted). The defendants here clearly met this burden. Rec. Vol. I at 34–80. The *Air Crash* court continued:

> This burden of persuasion runs to all the elements of the forum non conveniens analysis. Therefore, the moving defendant must establish that an adequate and available forum exists as to all defendants if there are several. If the moving defendant carries this initial burden, it must also establish that the private and public interests weigh heavily on the side of trial in the foreign forum. The Su-

---

**14.** *Ali v. Offshore Co.,* 753 F.2d 1327, 1333 n. 13 (5th Cir.1985), *overruled, In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982,* 821 F.2d 1147, 1163–64 n. 25 (5th Cir.1987), *petition for cert. filed,* (U.S. Nov. 6, 1987) (No. 87–750); *see Villar v. Crowley Maritime Co.,* 782 F.2d 1478, 1479 (9th Cir.1986); *Sigalas v. Lido Maritime Co.-M/V ROYAL ODYSSEY,* 776 F.2d 1512 (11th Cir.1985).

**15.** *See St. Francis College v. Al-Khazraji,* —— U.S. ——, 107 S.Ct. 2022, 2025, 95 L.Ed.2d 582 (1987) ("The usual rule is that federal cases should be decided in accordance with the law existing at the time of decision."); *Linkletter v. Walker,* 381 U.S. 618, 627, 85 S.Ct. 1731, 1736, 14 L.Ed.2d 601 (1965) ("a change in law will be given effect while a case is on direct review"); *Castro-Guerrero v. Immigration and Naturalization Service,* 515 F.2d 615, 618 (5th Cir.1975) (court stayed mandate pending Supreme Court decision in another case from another circuit and applying the Supreme Court's decision said "Retroactivity is not in issue.... The Supreme Court has spoken and we must listen.").

Courts may make exceptions to this general rule if a particular change in the law unfairly disrupts a litigant's course of conduct or reasonable expectations. *See Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) (providing three factors for consideration in determining whether to apply an intervening judicial decision to a controversy that occurred earlier). In this case, however, no detailed consideration of the need for an exception appears necessary as the final result of the *forum non conveniens* analysis would likely be the same under any version of the doctrine and certainly under the two versions in issue—the *Air Crash* version and the previous Fifth Circuit admiralty version.

**16.** *Chiazor v. Transworld Drilling Co., Ltd.,* 648 F.2d 1015, 1017 (5th Cir.1981), *cert. denied,* 455 U.S. 1019, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982), *overruled on other grounds, In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982,* 821 F.2d 1147, 1163–64 n. 25 (5th Cir. 1987), *petition for cert. filed,* (U.S. Nov. 6, 1987) (No. 87–750); *accord Piper Aircraft v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981); *Air Crash,* 821 F.2d at 1165.

preme Court has held that a moving defendant need not submit overly detailed affidavits to carry its burden, but it "must provide enough information to enable the district court to balance the parties['] interests."[17] *Reyno*, 454 U.S. at 258, 102 S.Ct. at 267.

821 F.2d at 1164–65 (footnote in original). The defendants submitted detailed motions for dismissal on the grounds of *forum non conveniens* to the district court. *See* Rec. Vol. I at 34–80. The defendants' motions discussed the relevant facts and applied the *Gulf Oil* factors to these facts. Shirlei Camejo did not submit any pleadings, motions or memoranda of law that controverted any of the defendants' statements regarding the *forum non conveniens* issue. As a result none of the relevant facts alleged by the defendants in their *forum non conveniens* motions are in controversy. We therefore conclude that, if these uncontroverted facts are sufficient to support the district court's *forum non conveniens* decision, the defendant has met his burden of persuasion.

*4. Adequate, available foreign forum.* In *Air Crash* this court said:

The district court must first decide whether an available and adequate foreign forum exists. This is a two-part inquiry: availability and adequacy. A foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum.... A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, *Reyno*, 454 U.S. at 255, 102 S.Ct. at 265, even though they may not enjoy the same benefits as they might receive in an American court....

821 F.2d at 1165. In this case the district court found that Plaintiff Shirlei Camejo did not dispute the existence of an adequate alternative forum.

*5. Forum non conveniens factors.* We now proceed to review the federal district court's balancing of the public and private convenience factors that the Supreme Court set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

The *Gulf Oil* opinion listed the following private interest factors:

Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.

330 U.S. at 508, 67 S.Ct. at 843. The *Gulf Oil* opinion also listed the following public interest factors:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home.

330 U.S. at 508–09, 67 S.Ct. at 843. The absence of the actual employer in this jurisdiction and the greater interest of Brazil in deciding a controversy involving one of its citizens are significant factors which support the district court's action, as they did

---

**17.** The Supreme Court has not explained how much detail by a moving defendant is required. We believe the necessary detail will depend upon the particular facts of each case. Each case will present factual situations which might suggest that the parties have greater or lesser knowledge about the facts of the dispute. The issues that are contested will also affect the amount of detail required of a moving defendant. As one court has stated, however, "a motion to dismiss for forum non conveniens does not call for a detailed development of the entire case." *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 451 n. 3 (2d Cir.1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 781 (1976).

in *Piper*, especially since Shirlei Camejo has not demonstrated any connection at all with Texas. Compulsory process for Brazilian witnesses is unavailable in a Texas forum. The cost of bringing Brazilian witnesses to Houston is very high. All the information regarding the Plaintiff's damages is in Brazil. The rig was and still is in Brazil. The local interest of Brazil in determining a case involving the death of one of its citizens is great; Texas courts have no comparable interest in the case.

Although *Gulf Oil* counsels that courts should not disturb the plaintiff's choice of forum unless the balance strongly favors the defendants, 330 U.S. at 508, 67 S.Ct. at 843, *Piper* held that a foreign plaintiff's choice deserves less deference. 454 U.S. at 267, 102 S.Ct. at 266. In this case the balance so strongly favors the defendant that we have no trouble in concluding that the district court did not abuse its discretion in declining to exercise its jurisdiction to decide the remaining pendent state claims.

## V. REMAND TO TEXAS STATE COURT

Shirlei Camejo argues that even if the federal district court correctly refused to remand immediately after dismissing Petrobras and even if it correctly concluded that it was an inconvenient forum, the federal district court should have remanded the case to the state district court where she originally filed it instead of dismissing the case. Shirlei Camejo made a Texas wrongful death claim based on Texas' longstanding "open forum" statute. We therefore review this statute and its potential application to this case. The Texas "open forum" statute is currently codified at Tex. Civ.Prac. & Rem.Code Ann. § 71.031 (Vernon 1986).[18] Section 71.031 provides that:

(a) An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:

(1) a law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury;

(2) the action is begun in this state within the time provided by the laws of this state for beginning the action: and

(3) in the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.

(b) All matters pertaining to procedure in the prosecution or maintenance of the action in the courts of this state are governed by the law of this state.

(c) The court shall apply the rules of substantive law that are appropriate under the facts of the case.

The federal district court found that the two year statute of limitations for a Texas wrongful death action [19] expired before Shirlei Camejo filed her claim. On this basis, after its *forum non conveniens* determination, the federal district court declined to exercise its discretion to remand the case to the Texas district court. The federal district court's time bar conclusion was based on the defendants' uncontroverted representation that Joao Camejo died on February 23, 1983. He apparently actually died on February 22, 1984. Since Shirlei Camejo filed her action on February 21, 1986 the Texas wrongful death action was apparently not time barred and we cannot affirm the district court's decision not to remand on that basis.[20]

---

18. Previously Tex.Rev.Civ.Stat. Ann. art. 4678.

19. Tex.Civ.Prac. & Rem.Code Ann. § 16.003(b) (Vernon 1986) provides:

A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

20. Shirlei Camejo's brief on appeal asserts that her counsel will move separately under Fed.R. Civ.P. 60(b) to have this error corrected in the district court. Whether the district court does so is, however, irrelevant since we affirm the decision not to remand on other grounds.

The Texas Supreme Court has hinted in an admiralty case that it may view § 71.031 as precluding a *forum non conveniens* analysis in a personal injury or wrongful death case filed in a Texas state court.[21] This court, however, recently held in *Exxon Corp. v. Chick Kam Choo*, 817 F.2d 307 (5th Cir.), *cert. granted*, —— U.S. ——, 108 S.Ct. 343, 98 L.Ed.2d 369 (1987), that "state courts *must* apply the *forum non conveniens* rule of the general maritime law in any case brought before them by citizens of foreign lands over which the federal courts would have admiralty jurisdiction. State law inconsistent with that doctrine cannot be applied in a maritime case." [22] The *Chick Kam Choo* opinion also held that § 71.031 is a state law inconsistent with the doctrine of *forum non conveniens.* [23]

■ The Texas state court where the action was originally filed is located in Houston, the same city as the federal district court that made the original *forum non conveniens* analysis. The Plaintiff also fails to allege any factors that would require a change in the result of the *forum non conveniens* analysis in the state court. Under *Chick Kam Choo*, which is the current precedent on point in this circuit, we therefore conclude that the district court did not abuse its discretion by deciding not to remand the case to the Texas state court.

AFFIRMED.

---

**21.** *Exxon Corp. v. Chick Kam Choo*, 817 F.2d 307, 316 (5th Cir.), *cert. granted*, —— U.S. ——, 108 S.Ct. 343, 98 L.Ed.2d 369 (1987). In a 1984 admiralty case, the Texas Supreme Court said that "the applicability of *forum non conveniens* to a [§ 71.031] cause of action is an open question." *Couch v. Chevron International Co.*, 682 S.W.2d 534, 535 (Tex.1984).

**22.** *Chick Kam Choo*, 817 F.2d at 324 (emphasis in original).

**23.** *Chick Kam Choo*, 817 F.2d at 319-21 ("Federal *forum non conveniens* analysis must preempt § 71.031 in a maritime suit by an alien in Texas courts."). *But see id.* at 325-26 (Reavley, J., dissenting) (Supreme Court should determine whether Texas' open forum law applies in admiralty cases).