**Gustavo CASTILLO, Plaintiff,**

v.

**SANTA FE SHIPPING CORP., et al., Defendant.**

**Civ. A. No. H–88–285.**

United States District Court, S.D. Texas, Houston Division.

Dec. 24, 1992.

Michael Clann, pro se.

Gary A. Roth, Law Offices of Kuri & Roth, George Kuri, Houston, TX, for plaintiffs.

Jad J. Stepp, Eastham Watson Dale & Forney, Houston, TX, for defendants.

## MEMORANDUM AND ORDER

ROSENTHAL, District Judge.

Plaintiff filed this lawsuit under the maritime and admiralty jurisdiction of this Court on January 29, 1988. Plaintiff alleged personal injuries sustained while working aboard the M/V SANTA FE on November 16, 1987. Pending before the Court is Defendants' Motion for Determination of Applicable Law. (Docket Entry # 85). Defendants argue that Liberian law should apply; plaintiff asserts United States law governs this case. After reviewing the facts, the parties' submissions, and the applicable law, this Court finds that United States law does not apply.

The parties agree that the determination of whether United States or foreign law applies is governed by the Supreme Court trilogy of *Lauritzen v. Larsen,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), *Romero v. Int'l Term. Oper. Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); and *Hellenic Lines Ltd. v. Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970). Under these cases, the following factors are to be examined:

(1) the allegiance or domicile of the worker;

(2) the place of the contract;

(3) the allegiance of defendant shipowner;

(4) the law of the flag;

(5) the accessibility of the foreign forum;

(6) the place of wrongful act;

(7) the law of the forum; and

(8) the shipowner's base of operation.

*Arochem Corp. v. Wilomi, Inc.,* 962 F.2d 496, 498–99 (5th Cir.1992); *Fogelman v. Aramco,* 920 F.2d 278, 282 (5th Cir.1991); *Quintero v. Klaveness Ship Lines,* 914 F.2d 717, 730 (5th Cir.1990), *cert. denied,* 499 U.S. 925, 111 S.Ct. 1322, 113 L.Ed.2d 255 (1991). The significance of each factor must be considered in the context of the particular claim and the possible national interests in the choice of law. *Fogelman,* 920 F.2d at 282.

The parties agree on the following factors:

(1) Plaintiff is a citizen of Uruguay (factor 1);

(2) the employment contract was executed in Argentina (factor 2);

(3) the M/V SANTA FE flew the Liberian flag on the date of plaintiff's accident and is currently a Norwegian flagged vessel (factor 4); and

(4) the allegedly wrongful act occurred in Houston, Texas (factor 6).

The first two factors do not strongly suggest the application of either Liberian or United States law. The law of the flag suggests that Liberian law should apply. The place of the wrongful act provides some support for the application of United States law.

The issues as to which the parties disagree are whether the shipowner has a United States base of operations, such that United States law should apply; and whether the law of the foreign forum and the accessibility of the foreign forum make it inadequate to resolve plaintiff's claims, so as to support the application of United States law.

Plaintiff alleges that both the United States and South America should be considered the defendants' base of operations because the defendants hired shipping agents in the United States, and the M/V SANTA FE conducted approximately half of its business at United States ports and visited the United States every two months (factor 8). The defendants deny that the United States is their base of operations, and point to the lack of any United States ownership and absence of United States offices.

■ In order to support the application of United States law, this Court must find that the defendant shipowners "maintained 'substantial and continuing contacts' with the United States" so as to warrant finding a United States base of operation. *Rhoditis, supra,* 398 U.S. at 310, 90 S.Ct. at 1734. In determining where a corporation's base of operation is located, the Fifth Circuit cases "look to the location from which its day-to-day operations are controlled." *Fogelman, supra,* 920 F.2d at 284.

■ In *Rhoditis,* the United States was the site of the corporation's principal place of business, a United States domiciliary owned 95% of the corporation's stock, and the ship made regularly scheduled trips to the United States. *Id.* Only the last fact is present in this case. Both the shipowner and operator have their principal addresses outside the United States, in Oslo, Norway. The "contacts" cited by plaintiff do not establish that the defendants' base of operations was in the United States. *See generally, Bailey v. Dolphin Intern., Inc.,* 697 F.2d 1268, 1275 n. 22 (5th Cir.1983) (assuming (1) U.S. flag vessel; (2) owned by a U.S corporation; (3) with its ultimate base of operations in the United States, the court would still find foreign law applied because "day-to-day operational decisions were made in Singapore and Indonesia"), *overruled on other grounds, In re: Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147 (5th Cir.1987); *Complaint of Geophysical Serv., Inc.,* 590 F.Supp. 1346, 1358 (S.D.Tex.1984) ("... the mere fact that a vessel periodically visits this country is insufficient to establish the U.S. as a base of operations").

Plaintiff cites numerous cases from other jurisdictions stating that "sufficient contacts" existed based on the amount of business the defendants transacted in the United States. These cases do not apply the "day-to-day operations" approach used in the Fifth Circuit. *Fisher v. Agios Nicholaos,* 628 F.2d 308, 317 (5th Cir.1980), *cert. denied* 454 U.S. 816, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981), is distinguishable because the *Fisher* court found that "[t]he entire business of the vessel involved in this case prior to the accident had been in the United States." In this case, plaintiff admits approximately half the M/V SANTA FE's business was in South America. Based on the facts before this Court, there is an insufficient basis to find a United States base of operations.

■ The parties disagree on whether the shipowner's allegiance is Liberian or Norwegian (factor 3). The shipowner is a Liberian corporation, but plaintiff argues the beneficial interest holders are Norwegian. Plaintiff asserts that these facts establish that Liberian incorporation is merely for convenience. Plaintiff, however, provides no evidence supporting application of United States law, such as the presence of United States shareholders. Defendant has produced evidence demonstrating that no United States citizens are beneficial shareholders. This factor provides no justification for applying United States law.

■ The parties disagree as to the accessibility of the foreign forum (factor (5)). This disagreement, however, does not impact the analysis because the Supreme Court has stated this factor is only relevant "to a forum non conveniens determination, not to a choice-of-law analysis." *Fogelman,* 920 F.2d at 283 (discussing *Lauritzen,* 345 U.S. at 589, 73 S.Ct. at 931).

The law of the forum (factor (7)) favors applying Liberian law. The parties agree that Liberian law was chosen in the contract plaintiff signed. *Quintero,* 914 F.2d at 728; *cf. Arochem Corp.,* 962 F.2d at 499. A Court must assume foreign law is adequate unless plaintiff demonstrates the inadequacy of foreign law. *McClelland Engineers, Inc. v. Munusamy,* 784 F.2d 1313, 1319 (5th Cir. 1986), *overruled on other grounds, In re: Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147 (5th Cir.1987). Plaintiff has not demonstrated such inadequacy. Although plaintiff argues that "Liberia does not have a law like the Jones Act in the United States," the fact that one country's laws do not provide the same degree of relief does not make that country's laws inadequate. *Fogelman,* 920 F.2d at 284 ("The fact that the law of another forum may be more or less favorable to a plaintiff, however, does not determine choice of law").

The only factor directly supporting applying United States law is that the alleged wrongful act occurred in the United States. In *Romero,* the Supreme Court stated: "The amount and type of recovery which a foreign seaman may receive from his foreign employer while sailing on a foreign ship should not depend on the wholly fortuitous circumstance of the place of injury." 358 U.S. at 384, 79 S.Ct. at 486; see also *Fogelman,* 920 F.2d at 282; *Koupetoris v. Konkar Intrepid Corp.,* 535 F.2d 1392, 1396–97 (2nd Cir.1976) (where the only factor favoring the application of United States law was the place the wrongful act occurred, United States law should not be applied). A simple answer to this underlying question is: foreign law applies because American law clearly does not. *See Gonzalez v. Naviera Neptuno A.A.,* 832 F.2d 876, 880 (5th Cir.1987).

Finally, in cases involving similar facts, the Supreme Court and Fifth Circuit have held that foreign law should apply. In *Romero, supra,* 358 U.S. at 381–84, 79 S.Ct. at 485–87, the following facts caused the Supreme Court to reject finding a Jones Act claim: (1) plaintiff was a foreign seaman; (2) the ship was foreign registered; (3) the ship sailed under a foreign flag; (4) the contract was signed in a foreign country; and (5) the injury occurred while plaintiff was temporarily in United States territory. *Id.* Each of these facts also exist in the present case. In *Quintero,* 914 F.2d at 730, the following facts were present that also exist in the present case: (1) the plaintiff had a foreign allegiance; (2) the contract was executed in a foreign country; (3) the defendant shipowner was incorporated in Liberia, was wholly owned by Norwegians, and was managed by a Norwegian corporation; and (4) the defendant's ship flew the Liberian flag. Based on these facts, and applying the eight-part test, the court concluded that foreign law should apply. *Id.;* see generally *Kukias v. Chandris Lines, Inc.,* 839 F.2d 860, 863 (1st Cir. 1988); *Theordros v. Farida Shipping, Inc.,* 762 F.Supp. 10, 12–14 (D.Puerto Rico 1991); *Ullah v. Canion Shipping Co., Ltd.,* 589 F.Supp. 552, 554–59 (D.Maryland 1984), *aff'd,* 755 F.2d 1116 (4th Cir.1985).

Based on the above, this Court finds that defendants' motion must be granted in part and denied in part. This Court finds that United States law does not apply, but this Court has insufficient facts and briefing to determine whether Liberian or Norwegian law should apply. Therefore, defendant is ordered to submit additional briefing on whether Norwegian or Liberian law should apply within ten (10) days from the date of this Order; plaintiff shall file a response within five (5) days after receipt of defendant's brief.