Norman BROWN

v.

ATWOOD OCEANICS, INC.

Civ. A. No. 87–423–B.

United States District Court, M.D. Louisiana.

Jan. 21, 1988.

---

**3.** The claimed hours include 15 hours reasonably expended in seeking attorneys' fees.

R.C. Edwins, Baton Rouge, La., for plaintiff.

Thomas J. Wyllie, T.A., Scott E. Delacroix, Steve C. Judice, New Orleans, La., for defendant.

POLOZOLA, District Judge.

Norman Brown has filed this suit under the Jones Act, 46 U.S.C. § 688 to recover damages resulting from an accident which occurred on a drilling platform which was located off the coast of India. At the time of this accident, plaintiff was a citizen and resident of the United Kingdom. He was employed by the defendant, Atwood Oceanics, Inc. ("Atwood Oceanics"), as an electrician on the drilling rig. This drilling rig was used for drilling operations under a contract with the Oil and Gas Commission of India.

Atwood Oceanics has now filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Atwood Oceanics seeks a motion for summary judgment. Defendant contends that plaintiff has no claim or cause of action under the Jones Act because of the provisions of § 688(b).

The Jones Act permits a seaman who suffers injury in the course of his employment to sue the shipowners for injuries. In 1982, Congress amended § 688 to include § 688(b). Section 688(b) excludes an action by a seaman who is not a citizen or a permanent resident alien of the United States at the time of an accident which occurs on an oil rig located over the continental shelf of a foreign country. *See Vaz Borralho v. Keydril Co.*, 710 F.2d 207 (5th Cir.1983). When Congress amended § 688, it also included a savings clause in

§ 688(b)(2) for foreign seaman. Section 688(b)(2) provides that the exclusionary provisions of § 688(b)(1) do not apply if the seaman establishes that there is no remedy available to him under the "laws of the nation asserting the jurisdiction over the area in which the incident occurred" or "under the laws of the nation in which ... the person ... maintained citizenship or residency." Thus, in order for Norman Brown to recover under the Jones Act, he must establish that no remedy is available to him under the laws of India or the United Kingdom.[1]

Plaintiff has failed to meet his burden of establishing that he has no remedies available to him under the laws of India and the United Kingdom. Therefore, defendant's motion for summary judgment must be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The only evidence submitted by the plaintiff in opposition to the motion is the plaintiff's affidavit. Plaintiff states in his affidavit that "to the best of (his) knowledge, information and belief, there is no legal remedy available to (him) in the Courts of Bombay nor in any other Court in India." Plaintiff failed to address in his affidavit whether he has any remedy in the United Kingdom under the facts of this case.

Rule 56(e) of the Federal Rules of Civil Procedure states in pertinent part: "Supporting and opposing affidavits ... shall show affirmatively that the affiant is competent to testify to the matters stated therein." In *Viterbo v. Dow Chemical Co.*, 826 F.2d 420 (5th Cir.1987), the court held that a court may determine whether the evidence set forth in an affidavit lacked foundation and reliability to support the testimony proffered. Plaintiff has failed to establish his competency to render an opinion on legal remedies available in India. The Court finds plaintiff's affidavit lacks sufficient foundation and reliability to support the testimony proffered. *Viterbo, Id.*

---

**1.** India has jurisdiction over the area in which the accident occurred and the plaintiff was a citizen and resident of the United Kingdom at the time of the accident.

**722**

Because plaintiff has failed to show that he has no remedy under the laws of India or the United Kingdom, he has failed to establish that he comes within the savings clause of § 688(b)(2). Thus, defendant is entitled to summary judgment as a matter of law.

Therefore:

IT IS ORDERED that defendant's motion for summary judgment be and it is hereby GRANTED.

Judgment shall be entered dismissing plaintiff's suit with prejudice.