**Julio OLIN**

v.

**TIDEWATER INC., Tidewater Crewing Limited, and Zapata Gulf Crews, Inc.**

Civ. A. No. G-95-174.

United States District Court, S.D. Texas, Galveston Division.

Sept. 11, 1995.

Lawrence Michael Tylka and Richard Lee Melancon, Schechter & Associates, Galveston, TX, for plaintiff.

Chris Andrew Lorenzen, Crain Caton & James, Houston, TX, for defendants.

### *ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

KENT, District Judge.

Pending before the Court is the motion of Tidewater Inc., Tidewater Crewing Limited, and Zapata Gulf Crews, Inc. (collectively, the Defendants) for Summary Judgment pursuant to Fed.R.Civ.P. 56(c). For the reasons stated below, Defendants' Motion is hereby GRANTED.

### I. Background

In this action, Julio Olin asserts against the Defendants a claim under the Jones Act, 46 U.S.C.App. § 688, as well as claims of unseaworthiness and failure to pay maintenance and cure benefits.

The Defendants supply crews for vessels that support various aspects of off-shore energy or mineral exploration, development,

and production. Olin, a citizen and resident of Honduras, was employed by the Defendants as a seaman aboard the M/V Leo Tide, a United States flagged vessel owned by the Defendants. Olin contends he was injured during the course and scope of his employment with the Defendants while the M/V Leo Tide was in the territorial waters of Mexico.

In their Motion for Summary Judgment, the Defendants contend that every claim raised by Olin in his complaint is barred by 46 U.S.C.App. § 688(b), which prohibits claims brought by certain foreign or non-resident alien seamen for injuries occurring in the territorial waters of a country other than the United States. Olin, however, contends his claims are proper by virtue of a contract (the Working Agreement) signed by the parties.

## II. Standard of Review

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A fact is material if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment should not be granted if the evidence indicates that a reasonable fact finder could find in favor of the non-moving party. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When ruling on a motion for summary judgment, this Court must accept the evidence of the non-moving party and draw all justifiable inferences in his favor. Determining credibility, weighing the evidence, and drawing reasonable inferences are left to the trier of fact. *Liberty Lobby,* 477 U.S. at 255, 106 S.Ct. at 2513.

Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once this burden is met, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. *Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *Leonard v. Dixie Well Serv. & Supply, Inc.,* 828 F.2d 291, 294 (5th Cir.1987). If the moving party has met its Rule 56(c) burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts ... [T]he non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.' Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita,* 475 U.S. at 596–97, 106 S.Ct. at 1360–61 (quoting Fed.R.Civ.P. 56(e)).

## III. Discussion

Section 688(b) of the Jones Act provides:

(1) No action may be maintained under subsection (a) of this section or under any other maritime law of the United States for maintenance and cure or for damages for the injury or death of a person who was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action if the incident occurred—

(A) while that person was in the employ of an enterprise engaged in the exploration, development, or production of off-shore mineral or energy resources—including but not limited to drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces; and

(B) in the territorial waters or waters overlaying the continental shelf of a nation other than the United States, its territories or possessions....

(2) The provisions of paragraph (1) of this subsection shall not be applicable if the person bringing the action establishes that no remedy was available to that person—

(A) under the laws of the nation asserting jurisdiction over the area in which the incident occurred; or

(B) under the laws of the nation in which, at the time of the incident, the person for whose injury or death a remedy is sought maintained citizenship or residency.

46 U.S.C.App. § 688(b) (Supp.1995).

■ As recited above, the facts clearly establish that Olin is an alien employed by an enterprise supplying personnel for the exploration and production of off-shore resources. In addition, the Defendants have presented evidence establishing that Olin has remedies for his injuries in Mexico and Honduras. Olin has presented no affidavits or other evidence challenging the evidence put forth by the Defendants. Thus, in light of the undisputed facts of this case, each of Olin's claims falls squarely within the prohibition of section 688(b). *See Camejo v. Ocean Drilling & Exploration,* 838 F.2d 1374, 1377 (5th Cir.1988) (Section 688(b) prohibits claims under the Jones Act and claims under the general maritime law of the United States).

■ Olin, however, recognizing the constraints of section 688(b), attempts to sidestep the bar to his action by arguing that the Working Agreement requires him to bring his action in the United States. Section 13 of the Working Agreement provides that "should any labor dispute arise, the only authorities to resolve this dispute shall be the courts of the country [under the laws of which] the vessel is flagged, ... [and the employee] expressly waives any right to any other court, tribunal, or authority in any other country." Because the M/V Leo Tide is a United States flagged vessel, Olin contends he waived his right to proceed in Mexico or Honduras, and, therefore, the United States is the only appropriate forum under the Working Agreement.

■ While this Court appreciates the creativity of Olin's argument, the Working Agreement has no relevance to the claims Olin asserts against the Defendants. Section 13 of the Working Agreement applies only to labor disputes. Contrary to Olin's contentions, the term "labor dispute" is not ambiguous, and cannot reasonably be interpreted to include Olin's personal injury claim. A contract is not ambiguous simply because the parties disagree upon the correct interpretation; if the contract can be given a definite and certain meaning or interpretation, the contract is not ambiguous, and will be construed by the Court as a matter of law. *United States v. Fidelity & Deposit Co.,* 10 F.3d 1150, 1152 (5th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 58, 130 L.Ed.2d 17 (1994); *D.E.W., Inc. v. Local 93, Laborers' Int'l Union of N.Am.,* 957 F.2d 196, 199 (5th Cir.1992).

■ The term "labor dispute" has a clear and definite meaning, and involves a controversy over wages, hours, or other terms of employment. *See Black's Law Dictionary* 874 (defining labor dispute as "any controversy between employers and employees concerning terms, tenure, hours, wages, fringe benefits, or conditions of employment, or concerning the association or representation of persons in negotiating ... terms or conditions of employment."); *cf.* Norris–LaGuardia Act, 29 U.S.C. § 113(c) (labor dispute includes any controversy concerning the terms or conditions of employment). Thus, whether couched in terms of the Jones Act, unseaworthiness, or failure to pay maintenance and cure benefits, a claim seeking damages for an injury suffered by a single employee simply does not constitute a dispute over the terms or conditions of employment. Accordingly, the requirements of section 13 of the Working Agreement do not apply to the claims Olin brings before this Court.

■ Moreover, even if section 13 could be construed to cover any portion of Olin's claims, the Defendants' affidavit from an expert on Mexican law establishes that the waiver contained in section 13 is null and void under Mexican law, and that Olin has a remedy under Mexican law without regard to the provisions of the Working Agreement. Therefore, because the uncontroverted evidence before this Court demonstrates that Olin has a remedy in Mexico, Olin has failed to take his claims outside the scope of section 688(b). *See Brown v. Atwood Oceanics, Inc.,* 676 F.Supp. 720, 721 (M.D.La.1988) (where

**972**

foreign seaman failed to prove that he had no remedy under the laws of the country where the accident occurred or the country where the seaman maintained citizenship or residency, seaman failed to bring his case within the savings clause of section 688(b)(2), and defendant's motion for summary judgment was granted). Because the Working Agreement is inapplicable to Olin's claims against the Defendants, Olin cannot escape the operation of section 688(b).

For the reasons set forth above, the Defendants' Motion for Summary Judgment is **HEREBY GRANTED.**

**IT IS SO ORDERED.**