John SAMUEL

v.

**TIDEWATER MARINE SERVICES (in personam),**

**M/V Tiger Tide (in rem).**

**Civil Action No. 95–3362.**

United States District Court, E.D. Louisiana.

Oct. 21, 1996.

Ralph E. Smith, Ralph E. Smith, Attorney at Law, New Orleans, LA, for John Samuel.

William B. Gibbens, III, Charles A. Cerise, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA, Russell Bennett Ramsey, L'Hoste & Ramsey, New Orleans, LA, for Tidewater Marine Service, Inc.

## ORDER AND REASONS

FALLON, District Judge.

Before this Court is defendants' motion for summary judgment. For the following reasons, the defendants' motion for summary judgment is granted.

## BACKGROUND

On December 14, 1992, John Samuel, a citizen and resident of Trinidad–Tobago, injured a finger on his right hand while setting up deck tugger wire aboard the M/V TIGER TIDE. At the time of Mr. Samuel's accident, he was stretching out a tugger wire to be used in recovering pipeline marker buoys for the oil rig ROWAN GORILLA IV.

Since his accident, Mr. Samuel has received workman's compensation payments from his employer, Tidewater Marine West Indies, Ltd. These payments include money for medical examinations and reports and transportation charges. Such payments have been handled through the National Insurance Board of Trinidad.

Samuel brings this action under the Jones Act, 46 App.U.S.C.A. § 688 (West 1996). In addition, he has invoked both Rule 9(h) of the Federal Rules of Civil Procedure, which pertain to admiralty and the general maritime law of the United States. The defendants have filed a motion for summary judgment seeking dismissal of Samuel's claims on grounds that Samuel's claims under the Jones Act and the general maritime law are barred pursuant to 46 App.U.S.C.A. § 688(b). 46 App.U.S.C.A. § 688(b)(1) (West 1996).

## LEGAL STANDARD

Summary judgment will be granted only if the pleadings, depositions, answers to the interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. In this analysis, the Court must view the facts and inferences from the evidence in the light

most favorable to the nonmoving party. *Crescent Towing v. M/V Anax*, 40 F.3d 741, 743 (5th Cir.1994). Once the moving party has demonstrated that there is no genuine issue of material fact, the burden shifts to then non-moving part to prove there is a genuine issue of material fact. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–587, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The nonmoving party may not depend solely on denials contained in the pleadings, but must submit specific facts. Fed.R.Civ.P. 56(e). Mere conclusory rebuttals by the nonmoving party will not defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *reh'g denied*, 961 F.2d 215 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Moreover if the factual context makes the nonmoving party's claim implausible, the party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### *ANALYSIS*

■ In 1988, the Congress amended 46 U.S.C. § 688 to limit coverage of the Jones Act with regard to certain aliens. 46 App. U.S.C.A. § 688(b) (West 1996). Section 688 as amended denies a Jones Act remedy or any other remedies under general maritime law to foreign seamen injured while engaged in certain activities involving the offshore drilling industry when they are injured in another country's territorial waters or waters overlaying the continental shelf of a nation other than the United States, unless no remedy is available to the seamen in either the country where the injury occurred or the seamen's home country. *Camejo v. Ocean Drilling & Exploration*, 838 F.2d 1374 (5th Cir.1988). In the instant case, it is uncontested that the plaintiff is a foreign seamen (resident and citizen of Trinidad) and that he

has received workman compensation payments from his home country of Trinidad. Thus, the only issues contested, with respect to § 688(b) are: 1) whether or not the plaintiff was in the employ of an enterprise engaged in the exploration, development, or production of off-shore mineral or energy resources and 2) whether or not the injury giving rise to the instant action occurred in the territorial waters or waters overlaying the continental shelf of a nation other than the United States, its territories, or possessions.

### 1) NATURE OF PLAINTIFF'S EMPLOYMENT AT TIME OF HIS ACCIDENT

■ Section 688 as amended, exempts aliens from protection of the Jones Act if at the time of the injury causing incident the alien "was in the employ of an enterprise engaged in the exploration, development, or production of off-shore mineral or energy resources—including but not limited to the drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment, or personnel." [1] 46 App.U.S.C.A. § 688(b)(1)(A), (B) (West 1996).

It is uncontested at the time of his injury the plaintiff was attempting to stretch out a tugger wire in preparation to recover pipeline marker buoys. As this activity is central to work of "pipelaying" it is clear that plaintiff was in the employ of an enterprise engaged in the exploration and development of an off-shore mineral or energy resource within the meaning of § 688(b). In addition, the vessel logs of the M/V TIGER TIDE [2] on which the injury occurred, reveal that the M/V TIGER TIDE was regularly engaged in transporting supplies, equipment and personnel to the ROWAN GORILLA IV. See 46 App.U.S.C.A. § 688(b) (West 1996) and *Olin v. Tidewater Inc.*, 897 F.Supp. 968 (S.D.Texas 1995)

The plaintiff has introduced only his affidavit which denies the M/V TIGER TIDE was

---

**1.** Section 688 as amended does not include transporting off-shore mineral or energy resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces. 46 App.U.S.C.A. § 688(b) (West 1996).

**2.** See Exhibit A of Defendant's Motion For Summary Judgment.

involved in such activity.[3] Mere denials are not sufficient to overcome a motion for summary judgment. Accordingly the Court finds that no genuine issue remains as to whether or not plaintiff was in the employ of an enterprise engaged in the exploration, development, or production of off-shore mineral or energy resources within the meaning of § 688(b).

## 2) LOCATION OF M/V TIGER TIDE AT TIME OF PLAINTIFF'S ACCIDENT

 In order to be exempt from coverage under the Jones Act, pursuant to § 688(b) the plaintiff's injury must have occurred in the territorial waters or waters overlaying the continental shelf of a nation other than the United States. 46 App.U.S.C.A. § 688(b)(1)(B) (West 1996). The "continental shelf" of a nation includes the territorial sea of a nation to a depth of 200 meters or beyond that limit to where the depth of the superjacent waters admits of the exploration of the natural resources of the said areas. Convention on the Continental Self, Geneva April 23, 1958, Article I.

To support their position that the M/V TIGER TIDE was in the territorial waters of Trinidad, the defendants offer the affidavit of Murray Nobel, who attest that the M/V TIGER TIDE was operating in waters overlaying the continental shelf of Trinidad.[4] In addition, Mr. Noble's affidavit states the ROWAN GORILLA IV was an oil rig involved in exploration and development of an offshore mineral or natural resource. Accordingly it was necessarily operating in waters overlying Trinidad's "continental shelf" as defined above. The defendant thus argues that since the M/V TIGER TIDE was noted to be 0.2 nautical miles west of ROWAN GORILLA IV, it too was in waters overlaying the continental shelf of Trinidad.

The only evidence that the plaintiff has introduced to attempt to prove that a genuine issue exists as to the M/V TIGER TIDE's location is a hydrographic chart of the area where the ROWAN GORILLA IV was located. This chart purports to depict the geographical features of the strait where the ROWAN GORILLA IV was located and in no way suggest that the M/V TIGER TIDE was anywhere other than within the waters overlaying the continental shelf of Trinidad. It indicates nothing with regard to the location of the M/V TIGER TIDE or the ROWAN GORILLA IV. Consequently, the plaintiff has failed to establish a genuine issue as to this fact. Accordingly, the Court finds that the defendants are entitled to judgment as a matter of law pursuant to Rule 56.

### CONCLUSION

For the forgoing reasons, IT IS ORDERED that the defendants' motion for summary judgment is hereby GRANTED and that the plaintiff's claims are hereby dismissed.

---

**3.** See Plaintiff's Supplemental Memorandum in Opposition to Motion for Summary Judgment.

**4.** See Exhibit A of Defendants' Motion for Summary Judgment.