IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20187
_____


RAYTHEON ENGINEERS AND CONSTRUCTORS, INC., doing
business as Litwin Panama Incorporated, doing business
as Litwin Engineers & Constructors, Incorporated,

                                   Plaintiff-Appellant,

      v.

H L H & ASSOCIATES INCORPORATED; CROSS CARIBBEAN
SERVICES LIMITED; CROWLEY AMERICAN TRANSPORT
INCORPORATED; M/V BROCKEN; M/V FALCON; M/V HAWK,

                                   Defendants-Appellees.


_____

            Appeals from the United States District Court
                for the Southern District of Texas
                          (H-95-CV-5772)
_____

                          April 17, 1998
Before KING, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

      Plaintiff-appellant Raytheon Engineers and Constructors,

Inc. appeals the district court's dismissal of its suit on the

_____

      [*]      Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

basis of forum non conveniens.  Finding that the dismissal was not warranted, we reverse.

## I.  FACTUAL & PROCEDURAL BACKGROUND

In 1994 plaintiff-appellant Raytheon Engineers and Constructors, Inc. (Raytheon)[1] was involved in constructing a plant in Panama.  Raytheon entered into a time charter and contract with defendant-appellee HLH & Associates, Inc. (HLH) that provided for the shipment of various components of the plant from Houston, Texas to Las Minas, Panama.  The parties agree that the contract was executed in Houston and that HLH was acting on behalf of defendant-appellee Cross Caribbean Services, Ltd. (Cross Caribbean).[2]  Because many of the plant components were very large, the shipment also included two trucks and two transporters[3] that were necessary to move the components from the ship to the job site.  The parties dispute whether the original

---

[1]     Raytheon does business as Litwin Panama, Inc. and Litwin Engineers & Constructors, Inc.  Raytheon is a Delaware corporation with an office and place of business in Houston, Texas.

[2]     HLH serves as Cross Caribbean's vessel agent in Houston.  HLH is a Texas corporation with an office and place of business in Houston, Texas.  Cross Caribbean is a foreign corporation that operates ocean going vessels which call on the Port of Houston.

[3]     Raytheon leased the trucks and transporters from Joe D. Hughes, Inc.

contract provided for the return of the trucks and transporters to Houston.[4]

The trucks and transporters were shipped to Panama on the M/V CARIBBEAN INTREPID, a vessel owned by Cross Caribbean. After they were used to transport the components to the plant, the trucks and transporters were returned to Las Minas and loaded onto the M/V BROCKEN, another Cross Caribbean vessel, for the return trip to Houston. En route to Houston, the M/V BROCKEN ran aground and returned to Cristobol, Panama for repairs. Someone then arranged for an alternate booking on the M/V FALCON, a barge belonging to defendant-appellee Crowley American Transport, Inc. (Crowley)[5] that was docked in Las Minas.

Raytheon then hired Panalpina, S.A. (Panalpina)[6] to take the trucks and transporters overland from Cristobol to Las Minas. The parties dispute whether the trucks and transporters arrived in Las Minas undamaged. Crowley relies on the affidavit of Jose Castillo, its claim supervisor in Las Minas, which states that

---

[4]  Cross Caribbean contends that the original Raytheon/HLH contract did not provide for return shipment of the trucks and transporters. It argues that it gratuitously agreed to return the trucks and transporters to Houston as part of an informal and unwritten agreement. In contrast, Raytheon asserts that the original contract included the return of the equipment to Houston.

[5]  Crowley is a Delaware corporation with an office and place of business in Houston, Texas.

[6]  Panalpina is a Panama corporation and is not a party to this lawsuit.

the trucks and transporters were already damaged when Panalpina delivered them to Las Minas.  In contrast, Raytheon argues that Crowley's issuance of clean bills of lading for the two transporters and the two trucks for shipment from Las Minas to Lake Charles, Louisiana is prima facie evidence that the equipment was damaged while under Crowley's control.  Both the trucks and the transporters were delivered to Lake Charles in a damaged condition, and they were repaired at Raytheon's expense.  In addition, Raytheon claims that both shipments[7] were delivered in an untimely manner, thereby causing it to incur excess demurrage charges.

In December 1995, Raytheon brought this suit for breach of contract and cargo damage against HLH, Cross Caribbean, Crowley and each of the vessels involved in shipping the trucks and transporters (collectively, Defendants).  Crowley moved for dismissal on forum non conveniens grounds in November 1996.  Cross Caribbean filed a separate motion to dismiss for forum non conveniens in December 1996.  HLH did not join either motion.[8]

In January 1997, the district court dismissed the suit, and Raytheon filed a motion for reconsideration and a notice of

---

[7]     For reasons that are unclear, the trucks and transporters were shipped back to the United States on different ships.  The trucks were shipped on the M/V FALCON as planned, but the transporters were shipped on the M/V HAWK.

[8]     HLH did file a summary judgment motion on different grounds, but it later withdrew that motion.

4

appeal in February 1997.  The district court denied the motion
for reconsideration, and Raytheon filed a timely amended notice
of appeal.

## II. STANDARD OF REVIEW

We review a district court's dismissal of a case on forum
non conveniens grounds for abuse of discretion.  Piper Aircraft
Co. v. Reyno, 454 U.S. 235, 257 (1981).  A district court "abuses
its discretion when it fails to address and balance the relevant
principles and factors of the doctrine of forum non conveniens."
In re Air Crash Disaster Near New Orleans, 821 F.2d 1147, 1166
(5th Cir. 1987) (en banc), vacated on other grounds sub nom. Pan
Am. World Airways, Inc. v. Lopez, 490 U.S. 1032 (1989), opinion
reinstated and modified on other grounds, 883 F.2d 17 (5th Cir.
1989) (en banc).

## III.  DISCUSSION

Raytheon argues that Defendants failed to carry their burden
of proving all of the elements necessary for dismissal on forum
non conveniens grounds.  It asserts that the district court
failed to properly weigh the private and public interest
factors.[9]  Thus, it contends that the district court erred in

---

[9]      Additionally, Raytheon asserts that even if the court
did not abuse its discretion in finding that Panama was an
available and adequate forum, it erred in failing to place
safeguards on the dismissal so as to insure that it would be able
to reinstate the case in Panama.  As we find that the dismissal
was not warranted, we need not address this issue.

dismissing its suit on forum non conveniens grounds.  Defendants respond that the district court's decision was not an abuse of discretion and therefore should be affirmed.

Under the forum non conveniens doctrine, a district court may, in the exercise of its sound discretion, dismiss a case "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience.'"  Piper Aircraft, 454 U.S. at 241 (quoting Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947)) (omissions in original).  The Supreme Court has recognized, however, that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum," especially when a United States plaintiff has chosen the home forum.  Id. at 255.

We therefore have established a two-part framework under which a district court's analysis of the forum non conveniens issue should proceed.  See In re Air Crash, 821 F.2d at 1165-66.  First, the district court must determine whether there is an available and adequate alternative forum in which to try the case.  Id. at 1165.  An alternative forum is "available" when "the entire case and all parties can come within the jurisdiction of that forum" and is "adequate" when "the parties will not be deprived of all remedies or treated unfairly . . . even though

6

they may not enjoy the same benefits as they might receive in an American court."  Id.

If the district court finds that the alternative forum is both available and adequate, then it proceeds to the second step of the analysis and considers the private and public interest factors affected by its decision to assume or reject jurisdiction over the matter.  Id.  The court must consider the following private interest factors:

> "the relative ease of access to sources of proof;
> availability of compulsory process for attendance of
> unwilling, and the costs of obtaining attendance of
> willing, witnesses; probability of view of premises, if
> view would be appropriate to the action; and all other
> practical problems that make trial of a case easy,
> expeditious and inexpensive.  There may also be
> questions as to the enforcibility [sic] of a judgment
> if one is obtained."

Id. at 1162 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).  Unless the balance of private interest factors weighs "strongly in favor of the defendant," the court must also consider the relevant public interest factors before rendering a decision, and "the plaintiff's choice of forum should rarely be disturbed."  Gulf Oil, 330 U.S. at 508.  The relevant public interest factors include:

> the administrative difficulties flowing from court
> congestion; the local interest in having localized
> controversies resolved at home; the interest in having
> the trial of a diversity case in a forum that is
> familiar with the law that must govern the action; the
> avoidance of unnecessary problems in conflicts of law,
> or in application of foreign laws; and the unfairness
> of burdening citizens in an unrelated forum with jury
> duty.

7

In re Air Crash, 821 F.2d at 1162-63. "[N]o one private or public interest factor should be given conclusive weight and . . . the plaintiff's initial choice [of forum] is usually to be respected." Id. at 1163.

In this case, the district court's entire discussion of the forum non conveniens issue consisted of the following two paragraphs:

> It is undisputed that Panamanian law applies to some aspects of the disputes in this case. As well, Panamanian courts may exercise jurisdiction over all of the parties to the dispute. And, there is no claim by the plaintiffs that the Panamanian courts cannot provide adequate, fair and complete relief to all parties and all claims. Therefore, the Panamanian forum is "available" as that term is defined in law.

> The Panamanian forum also makes sense because the claims arose there, witnesses are there, any judgment can be enforced there, the expense of litigation as to the entirety of the case would be less, and the public interest factors weight in favor of it.

We have stated that, in ruling on a motion to dismiss for forum non conveniens, "[t]he district court should explain its decisionmaking process clearly and in sufficient detail to permit [this court] adequately to review it, either by giving written reasons or by dictating the reasons for its decision into the record with the same degree of explicitness." In re Air Crash, 821 F.2d at 1166 n.32. A district court's failure to weigh the relative advantages of each forum and explain its decision constitutes an abuse of discretion. Id. at 1166; see also Lacey

v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988); Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1334 (9th Cir. 1984).

In this case, the district court determined that Panama was an available forum, but it made no adequacy determination other than noting that Raytheon has not claimed that Panama is an inadequate forum. In addition, the district court's single conclusory sentence about the benefits of the Panamanian forum does not constitute a clear explanation of its balancing of the private and public interest factors. Thus, the district court abused its discretion in dismissing the case on forum non conveniens grounds.

Moreover, our review of the record and of the briefs submitted on appeal has persuaded us that Defendants failed to carry their burden of proving that they were entitled to a dismissal on the basis of forum non conveniens. The defendant's burden of persuasion

> runs to all the elements of the forum non conveniens analysis. Therefore, the moving defendant must establish that an adequate and available forum exists as to all defendants if there are several. If the moving defendant carries this initial burden, it must also establish that the private and public interests weigh heavily on the side of trial in the foreign forum.

In re Air Crash, 821 F.2d at 1164; see also Robinson v. TCI/US West Cable Communications Inc., 117 F.3d 900, 907 (5th Cir. 1997); Lacey, 862 F.2d at 43-44. In order to carry this burden, the defendant "must provide enough information to enable the

9

District Court to balance the parties' interests." Piper Aircraft, 454 U.S. at 258. Although the level of detail required is dependent on the facts of each particular case, see In re Air Crash, 821 F.2d at 1165 n.28, the defendant must at least allege detailed facts in its motion for dismissal which, if not controverted, are sufficient to support a forum non conveniens dismissal, see Camejo v. Ocean Drilling & Exploration, 838 F.2d 1374, 1380 (5th Cir. 1988). In this case, Defendants failed to carry their burden, and the district court therefore should not have granted the motion to dismiss. See Lacey, 862 F.2d at 43 ("[T]he district court abuses its discretion if it does not hold the defendants to their proper burden on the forum non conveniens motion . . . .").

First, we are not convinced that Defendants carried their burden of proving that Panama was an available and adequate forum. "The burden on a defendant moving to dismiss in favor of a foreign court . . . is a strong one. The cases phrase the matter in varying ways, but they make it clear that dismissal is to be the exception, not the rule, and that there must be a strong showing that the alternative forum would be significantly more convenient." 15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3828, at 291-92 (2d ed. 1986). Defendants assert that the Panamanian forum is available because each defendant has included in its appellate brief an agreement to submit to the

jurisdiction of the Panamanian courts.[10]  When the motion was presented to the district court, however, there was no indication that HLH was willing to submit to the jurisdiction of a Panamanian court.  See Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv, 711 F.2d 1231, 1238 n.19 (5th Cir. 1983) ("[T]he alternative forum must be available at the time of dismissal. Only with this understanding of the availability requirement do we respect the explanation provided by the Court in [Gulf Oil Corp. v.] Gilbert that forum non conveniens is a 'choice between forums.'").  However, as we rest our decision on other grounds, whether HLH's post hoc appellate concession of jurisdiction can retroactively justify the district court's determination that the Panamanian forum was available is an issue that we need not reach.  In addition, although we are also skeptical as to whether Defendants have demonstrated that Panama is an adequate forum, we need not reach that issue either.[11]

---

[10] In addressing whether the alternate forum is available, our courts have sometimes required that the moving party also substantiate its claim of availability.  See, e.g., Robinson, 117 F.3d at 907-08 (finding that an affidavit submitted by an English barrister stating that English courts would take jurisdiction and including a claim-specific rationale supporting jurisdiction and a citation to relevant authority was sufficient proof to establish that the forum was available); Baris, 932 F.2d at 1549 (rejecting as inadequate the defendants' attempts to establish the availability of a forum by submitting proof that they were being sued by other parties in the alternate forum).

[11] In this case, Defendants offered only the unsworn declaration made under penalty of perjury of Primo Ernesto Gonzalez-Avila, a Panamanian attorney, who stated, with no substantiation or citation of Panamanian legal authority, that

Even assuming that the district court correctly determined Panama was an available and adequate forum at the time of the dismissal, Defendants failed to allege uncontroverted facts weighing in favor of dismissal sufficient to overcome the deference due to the plaintiff's choice of forum. See Camejo, 838 F.2d at 1380. In their motion to dismiss for forum non conveniens, Defendants alleged that the following private interest factors weighed in favor of pursuing the litigation in Panama: (1) they claim that the damage occurred in Panama and that the primary issue in the case is who had custody of the equipment when the damage occurred; (2) they have several employees in Panama who will testify at trial; (3) they wish to join Panalpina as a third party defendant and it is not amenable to suit in the United States but is amenable to suit in Panama;

---

the Panamanian court would take jurisdiction of the case and that it is familiar with cargo damage cases and is experienced in dealing with English-speaking witnesses. "[W]e require a defendant to put forth unequivocal, substantiated evidence presented by affidavit testimony in order for the district court to satisfy the standard enunciated in Gulf Oil Corp. v. Gilbert." Baris v. Sulpicio Lines, 932 F.2d 1540, 1550 n.14 (5th Cir. 1991) (citation omitted). We question whether this declaration alone amounts to the "unequivocal, substantiated evidence" that is generally required before a forum non conveniens motion may be granted. Id.; see also Lacey, 862 F.2d at 45 (noting that the defendants' "failure to provide any record support for their contentions precluded the district court from scrutinizing the substance of the dispute between the parties" and that the defendants had therefore failed to carry their burden); Perusahaan Umum Listrik Negara Pusat, 711 F.2d at 1238 (noting that a forum non conveniens dismissal "should never be granted, irrespective of the balance of the [Gulf Oil Corp. v.] Gilbert factors, unless the defendant can satisfy the court that an adequate and available alternative forum exists").

(4) they claim that most of the witnesses' testimony will be in Spanish and therefore there will be less translation involved if the trial is conducted in Spanish.

Raytheon responds that (1) a primary issue in the case is whether Defendants breached any contractual obligations that they had to Raytheon, and the contracts were formed in Houston; (2) Defendants have not offered to stipulate that they will abide by a Panamanian court's decision, and any judgment will therefore have to be enforced by a United States court; and (3) most of the witnesses are English-speaking.

The factors emphasized by Defendants do not suffice to overcome the presumption that we exercise in favor of a United States plaintiff's choice of a United States forum. Contrary to what the district court stated, it is not clear that the claims arose in Panama, and only some of the witnesses are in Panama, while others are in Houston. In addition, the fact that some of the witnesses speak Spanish carries little weight because the United States District Court for the Southern District of Texas has ample experience in dealing with witnesses and parties who speak only Spanish. Further, most if not all of the witnesses located in Panama and identified by Defendant are its employees and therefore will be readily available to attend court in Houston. Finally, as it is not clear where the damage occurred, Defendants' argument that Panama is more convenient because the damage occurred there is not compelling. Thus, Defendants'

13

private interest arguments are insufficient to support the district court's finding that dismissal was appropriate.

As to the public interest factors, Defendants claim that the fact that any claims involving the overland transportation of the equipment by Panalpina will be governed by Panamanian law is a public interest factor weighing in favor of dismissal. Raytheon responds that (1) the law to be applied is United States law, namely the Carriage of Goods by Sea Act, 46 U.S.C. §§ 1300 to 1315; (2) the case can be disposed of more quickly in the United States; and (3) the United States District Court for the Southern District of Texas has a greater interest in deciding matters involving several United States companies than does a Panamanian court. We agree. The mere possibility that Panamanian law might apply if the damage occurred while the equipment was under the control of Panalpina, a nonparty, is in no way sufficient to overcome the interest that the United States courts have in adjudicating a claim brought under the Carriage of Goods by Sea Act by a United States company where two of the other defendants are also United States companies.

For the reasons stated above, as a matter of law, Defendants failed to carry their burden of showing that a dismissal on the basis of forum non conveniens was warranted.

Finally, Defendants have moved to strike a portion of Raytheon's reply brief that relies on a forum-selection clause in the contract between Raytheon and HLH. Defendants argue that

Raytheon may not raise this argument for the first time in its reply brief. As we conclude for other reasons that dismissal on the basis of forum non conveniens was inappropriate, this issue is moot.

## IV. CONCLUSION

For the foregoing reasons, we REVERSE the district court's judgment of dismissal. Defendants' joint motion to strike portions of Raytheon's reply brief is DISMISSED as moot.